# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ronaldo S. Ligons,            Civil No. 10-180 (DSD/SRN)

       Petitioner,

v.                                         **REPORT AND**
                                             **RECOMMENDATION**

John King, Warden,

       Respondent.

---

Gena L. Berglund, Esq., Gena Berglund Law Office, 1507 Osceola Ave., St. Paul, MN 55105, for Petitioner.

David C. Brown, Hennepin County Attorney's Office - A2000, 300 South Sixth Street, Suite A-2000, Minneapolis, MN 55487, for Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Respondent John King's motion to dismiss Petitioner Ronaldo S. Ligons' application for habeas corpus relief (Doc. No. 9). The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the application be denied and that this action be summarily dismissed without prejudice for lack of jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Ligons was convicted in Minnesota state court of second degree intentional murder and second degree felony murder and sentenced to 480 months. He is currently serving that sentence at the Minnesota Correctional Facility in Stillwater,

Minnesota. He timely filed a direct appeal, but in 1994 the Minnesota Court of Appeals rejected all of his arguments except that relating to the duplicate conviction and sentencing. State v. Ligons, 1994 WL 263396 (Minn. App. 1994). Accordingly, it vacated the judgment and sentence for felony murder. Id. The Minnesota Supreme Court denied Ligons' request for further review. Ligons did not seek certiorari review by the United States Supreme Court.

In 1995, Ligons filed a petition for post-conviction relief in state court, alleging ineffective assistance of trial counsel. The post-conviction court denied his request for relief. Later that same year, he filed another state-court petition for post-conviction relief, alleging ineffective assistance of appellate counsel and underrepresentation of minorities on the jury panel. Relief on the second petition was summarily denied. Although he appealed the denial of both of those petitions, contending that the post-conviction court should have granted him an evidentiary hearing on the first petition and that it erred in summarily denying his second petition, the Minnesota Court of Appeals affirmed the denials. Ligons v. State, 1996 WL 523820 (Minn. App. 1996). The Minnesota Supreme Court denied his petition for further review.

In March 1997, Ligons initiated earlier federal habeas corpus proceedings, claiming (1) ineffective assistance of counsel, (2) "denial of his right to appeal," (3) denial of his right to present an intoxication defense instruction, and (4) an unconstitutional racial composition of the jury. In February 1998, the district court, Judge Doty, denied the petition and dismissed the action with prejudice. (Doc. No. 11-1, at 86-

87.)[1]  The court also denied his application for a certificate of appealability.  (Id. at 88-89.)

In September 2005, Ligons filed in state court yet another post-conviction proceeding, seeking the "opportunity to make a post-conviction factual record in support of his claims of ineffective assistance of counsel" as well as a "new sentencing hearing." The state district court denied relief.  (Doc. No. 3-1, at 117-20).  In October 2008, the Minnesota Court of Appeals affirmed the post-conviction court's decision.  (Doc. No. 302, at 116-18.)  The Minnesota Supreme Court denied further review on January 28, 2009.  (Doc. No. 3-4, at 9.)

On January 21, 2010, Ligons filed the present petition for a writ of habeas corpus. Respondent has now moved to dismiss on various grounds.  (Doc. No. 9.)[2]

## II. DISCUSSION

Respondent has raised several arguments in opposition to Ligons' petition.  (Doc. No. 10, at 1 (arguing that petition was not pre-authorized, that it is untimely, and that it is

---

[1]  Judge Doty adopted Magistrate Judge Lebedoff's Report and Recommendation of January 22, 1998, which recommended denial of the application and dismissal of the action with prejudice.  (Id. at 61-85.)

[2]  The Court had ordered Respondent to file either an answer to Petitioner's Application or a motion to dismiss.  (Doc. No. 7.)  On March 12, 2010, Respondent filed a motion to dismiss.  (Doc. No. 10.)  On September 17, 2010, the Court noted that Ligons had not filed any timely response to Respondent's motion and ordered him to do so by September 24, 2010.  (Doc. No. 22.)  On September 27, 2010, the Court granted Ligons' motion for an extension of time until October 8, 2010.  Ligons filed his Memorandum on October 8, 2010.  (Doc. No. 25.)  He then also filed, on October 27, 2010, a Supplemental Memorandum.  (Doc. No. 26.)

3

procedurally barred.) But as both parties recognize, Ligons' present habeas petition follows an earlier Section 2254 habeas petition filed in federal court in 1997 with respect to his current confinement. And there appears to be no dispute that Ligons did not seek, much less obtain, prior appellate authorization for the present application. (Doc. No. 2, at 3 ("Petitioner does not dispute that the District Court lacks jurisdiction over a 'second or successive' petition, and that this Petition may fit that category.").) In fact, the Eighth Circuit itself has noted in this matter that as best as it could determine, "Ligons has not received permission from this court to file a successive habeas petition as required by" Section 2244(b)(3)(A). (Doc. No. 19 (denying Ligons' petition for a writ of mandamus seeking an order directing the district court to admit counsel pro hac vice).)

Accordingly, such circumstances raise the threshold jurisdictional issue of finality governed by Section 2244(b), which requires, among other things, that before a state-court prisoner such as Ligons files a "second or successive" habeas application in district court, he must first seek and obtain authorization from the Eighth Circuit. 28 U.S.C. § 2244(b)(3)(A) (requiring that motion be filed directly with the appropriate court of appeals), (C) (providing that court of appeals may authorize petition "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection").[3]

---

[3] Subsection 2244(b) imposes various restrictions on second or successive petitions, including that a claim in the new petition "that was not presented in a prior application shall be dismissed unless" either of two requirements are met. 28 U.S.C. § 2244(b)(2).

## A. Federal Jurisdiction: Finality and Successive Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") added certain procedural hurdles and substantive limitations to habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(b).[4] Section 2244(b) imposes a "threshold inquiry into whether an application is 'second or successive'"–requiring all such applications to be pre-authorized by the applicable appellate circuit before being filed in the applicable district court–and then also inquires "whether claims in a successive application must be dismissed"–assuming they were first properly authorized by the appellate court. Magwood v. Patterson, ___ U.S. ___, 130 S. Ct. 2788, 2799 (2010). A failure to comply with the gatekeeping requirements of Section 2244(b) deprives the district court of jurisdiction and thus requires dismissal without addressing the merits. Burton v. Stewart, 549 U.S. 147, 149 (2007); Butterfield v. State of Minnesota, No. 09-CV-2848 (DSD/SRN), 2009 WL 3769348 (D. Minn. Nov. 10, 2009); Carter v. King, No. 08-CV-2202 (JMR/FLN), 2008 WL 2959933 (D. Minn. July 29, 2008) (dismissing application as unauthorized "second or successive" petition "[e]ven if Petitioner's current claims were not raised in his first federal habeas petition, and even if his failure to raise such claims in the prior petition is somehow excusable").

The issue here largely turns on what constitutes a "second or successive habeas corpus application" under the statute as amended by AEDPA. Magwood, 130 S. Ct. at

---

[4] Section 2244(a), in contrast, governs the review of successive habeas petitions filed by an applicant in "detention . . . pursuant to a judgment of a court of the United States." 28 U.S.C. § 2244(a).

2792. "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Id.[5] But if an application is "not second or successive, it [is] not subject to 2244(b) at all," such that claims contained in it are "reviewable (absent procedural default)." Id.

### 1. The Present Application Does Not Fit The Recognized Exceptions To The Bar On "Second Or Successive" Petitions

Ligons attempts to evade the ban on unauthorized second petitions by noting that the Supreme Court has stated that the phrase "second or successive" is a term of art that does not apply to "'all § 2254 applications filed second or successively in time.'" Magwood, 130 S. Ct. at 2796-97 (quoting Panetti v. Quarterman, 551 U.S. 930 (2007)). The Court noted that it has recognized three exceptions to the Section 2244(b) restrictions on "second or successive applications" where the "prisoner challenged the *same* state-court judgment once before." Id. at 2799 n.11 (emphasis in original). First, in Slack v. McDaniel, 529 U.S. 473 (2000), the Court held that the restrictions of Section 2244(b) do not apply to a second application that followed an earlier application dismissed for lack of exhaustion. Magwood, 130 S. Ct. at 2706-97. This exception clearly does not apply here.

Second, in Stewart v. Martinez-Villareal, 523 U.S. 637 (1998), it ruled that those

---

[5] If a petition is "second or successive," such that appellate authorization is required, and the petitioner obtains such authorization, the issue becomes whether the claims must be dismissed for failure of the application to show they satisfy the requirements of Section 2244. Magwood, 130 S. Ct. at 2796 (citing 28 U.S.C. 2244(b)(4)). Here, however, because there is no dispute that appellate authorization was not sought, much less obtained, the Court need not address dismissal under Section 2244(b)(4).

6

restrictions do not prohibit a second application where "the prisoner filed his first habeas application before his execution date was set," claiming incompetency to be executed under Ford v. Wainwright, 477 U.S. 399 (1986). Panetti v. Quarterman, 551 U.S. 930, 944 (2007). Once "the State obtained a warrant for the execution, the prisoner filed, for the second time, a habeas application raising the same incompetency claim." Id. The Supreme Court rejected the argument that the later filing was a prohibited "second or successive" petition because "in light of the particular circumstances presented by a *Ford* claim," the later filing was premised on a newly ripened claim, such that the two filings were deemed "a single application." Id. at 945. Thus the Ford claim that had been dismissed from the first application as premature was properly included in a second petition that would not be subject to the requirements of Section 2244(b). This exception also is not relevant here.

Third, and similarly, the prohibition against an unauthorized second application does not apply where such a Ford claim that would have been unripe had the petitioner presented it in his first application is first filed in a subsequent petition. Panetti, 551 U.S. at 944 ("The statutory bar on 'second or successive' applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe.").

Attempting to construe the Panetti exception broadly to apply to any and all claims that could not have been brought in an earlier petition, Ligons purports to premise his present habeas petition on decisions of the Minnesota courts resulting from a December 18, 2006 hearing and culminating in a March 23, 2007 order of the state district court.

7

Ligons contends that all claims in his present habeas application "arise from the Hennepin County post-conviction court's failure in 2006 to accord a full-and-fair hearing, long *after* Petitioner's original *pro se* habeas litigation was completed," such that those issues "were not, and could not be, 'presented' in the earlier *pro se* Petition." (Doc. No. 2, at 8 (emphasis in original); see Doc. No. 26, at 2 (claiming that present petition arises from the 2005 state-court post-conviction proceedings, which occurred only after the first federal habeas proceedings).) He thus contends that his previous habeas petition–filed in 1997 and adjudicated on the merits in 1998–does not preclude this court from considering his present petition as it raises issues that became ripe only after the earlier federal petition had been resolved.

In particular, Ligons argues that "[t]he refusal of the Hennepin County District Court to grant a full-hearing [sic] on Petitioner's Motion for a New Sentencing Hearing, or New Trial, could not have been discovered until the Hennepin County District Court had issued its ruling On March 23, 2007." (Doc. No. 1, at 1.) He "asserts both unconstitutional application of long-standing constitutional standards under *Strickland v. Washington*, *Morrissey v. Brewer* and due process, as well as, unreasonable determination of facts and federal constitutional law" by the state district court "arising from the December 18, 2006 hearing and March 23, 2007 Order." (Id. at 2.)

Ligons' attempt to apply Panetti broadly to any claim that would not have been ripe in the first habeas petition cannot succeed, however, in the face of the limited holding of Panetti. The Panetti Court was careful to limit its holding to the Ford context by (1)

8

stating the exception it was recognizing applied "in the *unusual* posture presented here: a § 2254 application raising a *Ford*-based incompetency claim filed as soon as that claim is ripe," id. at 945 (emphasis added), and (2) distinguishing "the *usual* case" of second petitions that do not satisfy Section 2244, id. at 947 (emphasis added).  Thus, the present petition must be dismissed even though Ligons attempts to raise issues that allegedly arose only after not just the state-court judgment and direct appeal, but also his earlier federal petition.  Cf. Johnson v. State of Minnesota, No. 10-CV-269 (DWF/JJG), 2010 WL 1780223, *3 (D. Minn. Feb. 4, 2010) (recommending dismissal of application as unauthorized "second or successive" petition even though the "Court recognizes that some of Petitioner's current claims for relief are based on matters that arose *after* his previous federal habeas petition was dismissed" (emphasis in original)), adopted 2010 WL 1780220 (D. Minn. April 30, 2010); Rhodes v. Dingle, No. 08-CV-198 (RHK/SRN), 2008 WL 482362, *3 (D. Minn. Feb. 19, 2008) (same).

The "principles of comity, finality, and federalism" underlying Section 2244, Panetti, 551 U.S. at 945-46, would not be served by recognizing a broader exception that applied to any claim brought in a second or successive petition but that would not have been ripe if brought in an earlier petition.  Otherwise, state prisoners could readily evade the ban on repetitive federal habeas petitions by filing applications for post-conviction review in state court after a first federal petition and then premising a subsequent federal petition on alleged errors in the latest state-court proceedings.  And, of course, because the present petition, like many habeas petitions, does not seek to preclude the imminent

9

execution of a death sentence, there is no risk of a petitioner forfeiting any meaningful chance for federal habeas review. Petitioner simply needs to seek and obtain prior Eighth Circuit authorization.

### 2. The Present Application Is Not A First Petition Seeking Review of Any Second Judgment

Nor can Ligons fit within the precise holding of Magwood because the present action is not an instance where the petitioner is "challenging a new judgment for the first time," such that the petition "is not 'second or successive' under § 2244(b)." Magwood v. Patterson, ___ U.S. ___, 130 S. Ct. 2788, 2792, 2799 n.11 (2010) ("The question in this case is whether a first application challenging a new sentence in an intervening judgment is second or successive."). In Magwood, the Court held that the prohibition against second or successive applications did not apply as the petitioner was challenging a new judgment that resulted from being resentenced in state court after the earlier federal habeas proceedings upheld his initial conviction but vacated his sentence. Id. at 2793. The state trial court then "held a new sentencing proceeding" and imposed the death penalty again, but stated "that the new 'judgment and sentence [were] the result of a complete and new assessment of all of the evidence, arguments of counsel, and law.'" Id. (quoting state sentencing transcript). The second habeas application "challenging his new death sentence" was thus not prohibited as an unauthorized "second or successive" petition. Id.

Here, Ligons attempts to base his present petition on the purported "judgment" of the state court denying his 2005 state-court petition for post-conviction relief. (Doc. No.

10

26, at 2 ("[T]his petition arises entirely from the rulings and judgment issued by Judge Burke in refusing to grant evidentiary hearings on ineffectiveness of trial and appellate counsel, and to recuse, [as] requested in the 2005 state post-conviction petition.").) But his present federal habeas petition cannot be premised on alleged violations of federal law that occurred in state post-conviction proceedings.[6]

A Section 2254 petition presents a claim of "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of" federal law. 28 U.S.C. § 2254(a).[7] As the Supreme Court has explained, the "reference to a state-court judgment" is significant because a state-court prisoner applying for habeas relief "'seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement.'" Magwood, 130 S. Ct. at 2797 (quoting Wilkinson v. Dotson, 544 U.S. 74 (2005); emphases added by Magwood Court). Construing Section 2254's text and the relief it provides, the Supreme Court concluded that "the phrase 'second or successive' [in Section 2244] must be interpreted with respect to the [state-court] judgment

---

[6] Moreover, Petitioner has provided no support for the proposition that the denial of a state-court petition for post-conviction relief results in a new judgment under state law. And this Court's own research does not suggest otherwise, at least for purposes of federal habeas review. See generally Minn. Stat. §§ 590.01-.06 (providing that state post-conviction court, upon collateral review of criminal "judgment," may "deny the petition or enter an order granting appropriate relief"). Otherwise, a state-court prisoner could always easily evade the prohibition against unauthorized second or successive federal petitions simply by claiming error in any state-court collateral review proceedings and labeling the resulting decision a new "judgment," even though the state trial court would not have had issued any new judgment of conviction and / or sentence.

[7] Section 2254 consistently limits federal habeas review of state criminal proceedings to applications by "a person in custody pursuant to the judgment of a State court." See id. § 2254(a), (b)(1), (d), (e)(1).

11

challenged." Id. Thus, the prohibition on unauthorized "second or successive" habeas petitions is understood only in terms of the underlying judgment of conviction and sentence. See id. at 2796-97.[8]

Here, Ligons is in state custody only because of the 1993 state-court judgment of conviction and sentence. As Ligons concedes, his present "confinement and double life-sentence is pursuant to his conviction of second degree murder in Hennepin County District Court in March 1993." (Doc. No. 1 at 5.) While Ligons presently claims certain improprieties with respect to the 2005 state-court post-conviction proceedings (Doc. No. 25, at 10-11),[9] he is in fact still challenging the same 1993 murder conviction and sentence that was the basis of his 1997 habeas petition, as he is asserting his "innocence"

---

[8] The Supreme Court thus clarified that there is a difference between "claims" and "applications" (or "petitions") for purposes of habeas corpus petitions and that Section 2244(b) applies "only to a 'second or successive' application challenging the same state-court *judgment*." Id. at 2796 (holding that state-court prisoner may file a habeas petition challenging a resentencing that led to a new judgment even though an earlier petition challenged the original judgment and sentence) (emphasis in original).

[9] Petitioner alleges that he was denied due process when Judge Burke assigned to himself not only Petitioner's post-conviction proceedings but also his own civil action regarding under-funded public defense, Ligons v. Moore. (Doc. No. 25, at 11; accord Doc. No. 26, at 4 (claiming that Judge Burke assigned to himself Petitioner's state-court post-conviction proceedings while also retaining his civil action regarding funding of public defense).) Petitioner claims that Judge Burke engaged in a conflict of interest by assigning to himself the state-court post-conviction proceedings despite "having been an interested party or witness to ongoing civil litigation by [Petitioner] against Hennepin County and the State Board of Public Defense," on which Judge Burke served as Chair. (Doc. No. 1, at 4.) Petitioner claims that those two governmental bodies were also defendants in the "companion case" of Kennedy v. Carlson that alleged inadequate funding of public defense in Hennepin County and was thus "transferred out of Hennepin County because all judges in the county were conflicted, which would have been particularly the case for the Chief Judge [of Hennepin County] and for the Chair of the State Board." (Doc. No. 25, at 10.)

12

of the underlying crime (Doc. No. 25, at 2-10 (summarizing evidence that another was guilty of the murder)). Indeed, Ligons' habeas petition seeks a writ directing that he be "released from [such] custody" (or retried or resentenced). (Doc. No. 1 at 9.)

And many of the grounds for the relief he currently seeks through his present habeas petition–although purportedly based on the December 18, 2006 hearing and the March 23, 2007 Order" in the latest state-court post-conviction proceedings–ultimately concern the alleged ineffectiveness of counsel during the various state-court proceedings that lead to his conviction or followed the resulting judgment and sentence by direct appeal, all of which occurred before he filed his initial federal habeas petition in 1997. (Doc. No. 1, at 7-8.) The federal district court rejected those claims on the merits and dismissed the action with prejudice in 1998. In sum, the relevant state-court judgment–that under which Ligons was originally "in custody," and for which he remains "in custody"–is his 1993 conviction and sentence.

In short, the sole judgment at issue here already has been collaterally reviewed in federal court on the merits in the 1997-98 habeas proceedings. Absent an intervening state-court judgment of conviction and / or sentence imposed after earlier federal habeas proceedings, the present habeas application constitutes a "second or successive" petition, but one for which Ligons did not seek, much less obtain, prior Eighth Circuit authorization. State prisoners may not evade this rule by labeling the denial of state-court post-conviction relief a new "judgment" for purposes of Section 2244. Any other rule would appear to permit routine repetitive filings in federal court. The district court is

13

therefore without jurisdiction to hear the present habeas petition and this action must be dismissed.

The Court recognizes that Petitioner vigorously asserts his innocence and that he raises serious allegations regarding the propriety of the state-court post-conviction proceedings. The Court's decision, however, does not foreclose federal review of his claims, but rather simply requires him to follow the gate-keeping provisions of AEDPA by obtaining authorization from the Eighth Circuit before filing a second habeas petition such as this one. As the dismissal is for lack of jurisdiction, it is without prejudice.

### B. Other Remaining Issues

Several collateral issues remain. First, Ligons requests that if this Court find his current petition to be an unauthorized "second or successive" application, the Court should "entertain an evidentiary hearing on the question of whether these matters fall within the actual innocence exception, a procedure endorsed by the Supreme Court in *House v. Bell*, 547 U.S. 518 (2006)." (Doc. No. 2, at 4 n.1.) But in House, the Supreme Court addressed the "general rule" that "claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause fo the default and prejudice from the asserted error." 547 U.S. at 536. In recognizing an actual innocence exception to that general rule, the Court distinguished two standards imposed by AEDPA as neither provision addresses the type of petition at issue" in House, "a first federal habeas petition seeking consideration of defaulted claims." Id. at 539. In contrast, here the issue is not one of defaulted claims, but whether the Court has jurisdiction because Ligons has filed a

second federal habeas corpus application despite not having obtained the appellate preauthorization that is required because his first federal habeas petition was denied on the merits.

Second, Ligons requests that, if this Court concludes that it lacks jurisdiction for his failure to have obtained appellate authorization of this "second or successive" habeas application, the Court should either dismiss without prejudice or issue a Certificate of Appealability so that he may pursue the matter in the Eighth Circuit. (Doc. No. 2, at 26 n.25.) As noted above, because the dismissal is for lack of jurisdiction, it is necessarily without prejudice, such that if Petitioner obtains authorization from the Eighth Circuit, he may file another habeas petition in the district court.

Third, this Court will not transfer the present petition to the Eighth Circuit, despite some authority permitting such action (at least in other federal circuits), e.g., Johnson, 2010 WL 1780223, at *3 n.4, because the present record is not sufficiently developed before this Court to address the standard that would normally be employed by the Eighth Circuit under Section 2244(b)(3). Petitioner would have to make at least a "prima facie showing that the application satisfies the requirements of" subsection 2244(b), including chiefly that the application does not run afoul of the limitations imposed by Subsection 2244(b)(1), (2). Petitioner will have to make that showing in a new submission filed directly with the appellate court. 28 U.S.C. § 2244(b)(3)(A).

Finally, the Court notes that Respondent also has raised the issue of the one-year limitations period applicable to federal habeas actions. (Doc. No. 10, at 10-16.) But

while this Court may not rule on that issue because it lacks jurisdiction, the Court notes that any future habeas filing–should Petitioner succeed in persuading the Eighth Circuit to authorize a second or successive application here–would have to comply with the requirements of Subsection 2244(d).

## III. CONCLUSION

The Court lacks jurisdiction to hear Petitioner's present request for habeas relief because it is a "second or successive" habeas petition that the Eighth Circuit has not authorized. The present application does not fit any of the three recognized exceptions to the ban on such petitions. Nor may a state-court prisoner evade the ban on unauthorized second petitions by purporting to premise the requisite violation of federal law on a separate "judgment" arising from state-court post-conviction proceedings regarding matters that could not have been raised in the first federal petition, even where the state-court proceedings occurred only after the first federal petition. Accordingly, Petitioner's application is dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

A state prisoner may not appeal the denial of a 28 U.S.C. § 2254 habeas petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529

U.S. 473, 484 (2000).

Here, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner not be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's motion to dismiss [Doc. No. 9] be **GRANTED**;

2. This action be **DISMISSED WITHOUT PREJUDICE**; and

3. Petitioner's request for a Certificate of Appealability be **DENIED**.


Dated: November 29, 2010      s/ Susan Richard Nelson
                              SUSAN RICHARD NELSON
                              United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **December 14, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.