```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 10-180(DSD/SER)
```

Ronaldo S. Ligons,

       Petitioner,

v.                                                   **ORDER**

John King, Warden, Stillwater
Correctional Center, Department
of Corrections and State of
Minnesota

       Respondents.


This matter is before the court upon the objection of petitioner Ronaldo S. Ligons to the November 29, 2010, report and recommendation of then-Magistrate Judge Susan R. Nelson.[1] In her report, the magistrate judge recommends denying petitioner's 28 U.S.C. § 2254 habeas corpus petition for lack of jurisdiction. Based on a de novo review of the file, records and proceedings herein, the court adopts the report and recommendation in full.

The background of this matter is fully set out in the report and recommendation, and the court summarizes only the facts necessary to this review. In 1993, Ligons was convicted in Minnesota state court of second degree intentional murder and second degree felony murder. The Minnesota Court of Appeals vacated the felony murder conviction and sentence, affirmed the

---

[1] The Honorable Susan R. Nelson is now a United States District Court Judge for the District of Minnesota.

murder conviction and sentence, and rejected the ineffective assistance of counsel claim. See State v. Ligons, No. C5-93-1354, 1994 WL 263396, at *4-5 (Minn. Ct. App. June 14, 1994). The Minnesota Supreme Court denied further review. In 1995, Ligons filed two state petitions for post-conviction relief, again arguing ineffective assistance of counsel. The state court denied both petitions and the Minnesota Court of Appeals affirmed. See Ligons v. State, No. C1-96-474, 1996 WL 523820, at *1 (Minn. Ct. App. Sept. 17, 1996). The Minnesota Supreme Court denied further review. On March 19, 1997, Ligons filed a federal habeas corpus petition under 28 U.S.C. § 2254. The court denied the petition and dismissed the action with prejudice. The Eighth Circuit affirmed and denied rehearing. In September 2005, Ligons again petitioned for state post-conviction relief. The state district court held a partial hearing and denied relief. The Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied further review. Ligons v. State, A07-0957 (Minn. Ct. App. Oct. 31, 2008), petition for review denied, A07-957 (Minn. Jan. 28, 2009).

On January 21, 2010, Ligons filed the instant petition and respondent moved to dismiss. The magistrate judge recommends dismissal for lack of jurisdiction because the petition is successive and Ligons failed to seek or obtain prior appellate authorization. See 28 U.S.C. § 2244(b)(3)(A). Ligons timely objected, arguing that the denial of his 2005 petition for post-

conviction relief is a new judgment under Magwood v. Patterson, 130 S. Ct. 2788, that he was denied an opportunity to argue ineffective assistance of counsel because the state court was biased and vindictive, and that certain evidence was not presented by his trial and appellate counsel.[2] The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

After a de novo review, the court finds that the objection is without merit and that the thorough and well-reasoned report and recommendation correctly disposes of the motion.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Ligons's objection to the report and recommendation [ECF No. 28] is overruled; and

2. The court adopts the report and recommendation [ECF No. 27] in full.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2011

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court

---

[2] On December 30, 2010, Ligons moved for leave to submit an addendum to its objection. See ECF No. 30. Although the court disfavors untimely filings, it grants the motion and considers arguments presented in the addendum.